|   |   |
|---|---|
| UNITED STATES,         )<br>                        )<br>        Plaintiff    )<br>                        )<br>    v.                  )<br>                        )<br>MANUEL GUERRERO-JASSO,  )<br>                        )<br>        Defendant.      )<br>_____) | *E-FILED - 7/18/12*<br><br>No. CR 11-0363-01-DLJ<br><br>**ORDER** |

On June 20, 2012 this Court sentenced the defendant Manuel Guerrero-Jasso for an Illegal Re-entry Following Deportation offense under 8 U.S.C. § 1326 (a) and (b). The sentencing proceedings involved an important contested point of law. The Court stated its reasons for deciding the case as it did at the proceedings, and this Order memorializes that decision.

The defendant was charged in an Information which alleged that he was found in the Northern District of California on February 12, 2011 after "...previously having been deported, and removed from the United States on or about April 7, 2009, April 16, 2009 and January 19, 2011...." After filing an Application for Permission to Enter a Plea of Guilty with the Court, the defendant entered an "open" plea of guilty on February 12, 2012. As part of a showing of the factual basis for the plea, the defendant stated that on February 12, 2011 he voluntarily re-entered the United States "after having been previously removed." He said nothing about the dates of his removals. In the plea colloquy the Court informed the defendant that for Count 1, the law provided that the maximum imprisonment he faced was 20 years. This was based in part on

the defendant's statement in his Application to plead guilty that he had been informed of that fact by his lawyer.

In its Pre-sentence report to the Court, the Probation Officer calculated the defendant's criminal history category at Level V, and reported that he had been convicted for Possession of a Controlled Substance for Sale in California State Court and sentenced to 16 months in prison for the offense on July 1, 2000. Based on this history the Probation Officer calculated that his Base Offense Level of 8 under USSG 2L1.2 should be: increased to level 24 because of his aggravated felony drug trafficking conviction; decreased by 3 because of his acceptance of responsibility; and recommended a sentence of 70 months which was the low end of the resulting sentencing guideline range of 70 to 87 months.

Defense counsel objected to this guideline calculation and argued that under the circumstances of this plea that the Court could not impose a sentence of more than two years. Under 8 U.S.C. § 1326 (a) the maximum penalty for the offense of illegal re-entry after removal is not more than 2 years. Under § 1326(b)(1) the maximum penalty is 10 years if the removal was subsequent to a conviction for a felony, and under § 1326(b)(2) the maximum penalty is 20 years if the removal was subsequent to an aggravated felony (such as drug trafficking).

Defendant argues that § 1326(b) requires the government to prove both the fact of a prior felony conviction, and the fact that the removal which is used to support the conviction of the § 1326 charge was subsequent to the fact of the prior

2

conviction before it can be used to enhance the sentence to be imposed. Defendant then argues that the date of removal was never established in this case and that, as a result, the prior conviction cannot be used to enhance the sentence and that he cannot be sentenced to any term exceeding two years.

In support of his position defendant directs the Court's attention to the decision of the Ninth Circuit in U.S. v. Mendoza-Soriano decided in February 2009. In this case the Ninth Circuit stated that a plea of guilty to a § 1326 charge admits only the facts necessary to sustain a "bare" conviction under § 1326 which does not require proof of the date of conviction and therefore does not admit the date of removal necessary to support a § 1326 sentencing enhancement. The Ninth Circuit then states that as a result, a court commits an Apprendi error if it applies a sentencing enhancement under § 1326(b) in the absence of an admission by the defendant of the removal date or proof to a jury beyond a reasonable doubt of such a date. Inasmuch as this case does not include an admission by the defendant, or a jury verdict as to a removal date, it appears then that Mendoza-Soriano supports the argument of the defendant.

This Court, however, declines to follow the Mendoza-Soriano decision. There are two reasons. One, it is an unpublished decision. It is, therefore, not a precedent which binds this Court, and the Court declines to follow its reasoning. Two, there is a published decision by the Ninth Circuit, U.S. v. Mendoza-Zaragoza, decided in May 2009 which is

3

contradictory to Mendoza-Soriano and decides that a plea of guilty to a § 1326 Indictment which alleges a removal date, establishes the fact of that removal date and permits a court to compare the dates involved and to use a prior conviction to enhance a sentence under § 1326(b) if the removal is subsequent to the prior conviction.

In Mendoza-Zaragoza, the defendant claimed that although the Indictment alleged a removal date, that the failure to allege anything about a prior conviction, either its date or its sequence in relation to the removal, prevented the sentencing court from using the prior conviction for a § 1326(b) enhancement.

The Court held that ". . . an indictment will support the § 1326(b) enhancement if it alleges a removal date, thus enabling a sentencing court to compare the date to the dates of any qualifying felony convictions to determine whether the sentence-enhancing sequence is satisfied."  The Court further held that a " . . . guilty plea to the indictment can establish the removal date, and the only other fact needed to enhance the sentence is the date of the felony conviction, which is an express exception to the Apprendi rule." On the latter point the Court cited to U.S. v. Grisel, 488 F.3d 844 (9th Cir. 2007) for its holding that " . . . the date of a prior conviction is a part of the 'fact' of a prior conviction for Apprendi purposes because this date can be found on the document demonstrating the prior conviction."

In Mendoza-Soriano the court tells us that a plea of

guilty to a § 1326(a) charge admits only the facts necessary for a "bare" conviction and that since the date of any alleged removal is not necessary for such a "bare" conviction, the plea does not admit the removal date even if it is alleged.  This Court does not agree with this thesis.  A § 1326(a) offense requires proof that two events have taken place in the past – a removal from the U.S. and a re-entry into the U.S.  It also requires proof that those events have taken place in a specific sequence – the re-entry must be after the removal.  It is apparent then that the sequence of those events is an additional necessary element for a § 1326(a) offense.

The Information in this case alleges that sequence in two ways.  One, that the alien defendant found in the U.S. had "previously" been removed, and two, that the defendant had been found in the U.S. on February 12, 2011 and had been removed from the U.S. on April 7, 2009; April 16, 2009; and July 19, 2011.  In order to establish the elements of temporal sequence, the first method of proof uses a simple factual assertion that the re-entry event of February 12, 2011 comes after the removal events by using the word "previously."  The second method establishes the sequence of events simply by alleging the actual dates of the events.  This method allows the fact finder to compare the dates and decide the factual sequence involved.  In point of fact the second method is the way in which the factual assertion method would be proven true or not true, and indisputably establishes the factual sequence necessary to be proved in a § 1326(a) case.

5

Either method is a sufficient factual allegation to support the pleading necessary to state a § 1326(a) case. For some reason, however, the Mendoza-Soriano court finds that the plea of guilty in this case admits the facts underlying the first method of proof, but does not admit the facts underlying the second method or proof. That does not seem to be reasonable to this Court.

The rule of law which underlies the Mendoza-Soriano decision – that a plea of guilty admits only those factual allegations that are necessary to prove the elements of the offense – is well-settled, but whether or not it applies in this situation is not.  The leading precedents in support of the rule arise in settings far different than those in a § 1326(a) case.  The decision in U.S. v. Thomas, 355 F.3d 1191 (9th Cir. 2004) involves a question as to whether the weight of the drugs involved is admitted by a plea to a drug trafficking charge.  A negative answer seems obvious in light of the history that the amount of the drugs has never been considered to be an element of a drug trafficking crime.  The decision in U.S. v. Cazares, 121 F.3d 1241 (9th Cir. 1997) involved an issue of whether a plea of guilty to a conspiracy charge admitted the facts alleged in an overt act charged in the Indictment. It is, of course, true that overt acts can involve factual allegations that do not bear on the elements of a conspiracy charge, and it would seem that the allegation of an overt act in and of itself would not be deemed to be admitted by a guilty plea.

6

As already indicated a § 1326(a) offense requires proof of two separate events – a removal from the U.S. and a re-entry into the U.S., and a temporal sequence – the re-entry must be after the removal. Determination of when the re-entry occurred must be accompanied by a determination of when the removal event occurred so that we can establish if it was before or after the re-entry. Since the date of removal establishes "when" removal occurred and the "when" of removal is an element of § 1326(a), it would seem clear that the date of removal goes to establish an element of the offense and would be the sort of factual allegation that is admitted by a plea of guilty. As we have already noted, adding the date of conviction to the fact of conviction does not offend <u>Apprendi</u>, because the date can be found in the documents that establish the conviction. It is, of course, also true that the date of removal can be found in the documents that establish removal. Given that analysis, it would seem to be also correct that adding the date of removal to the fact of removal would not offend <u>Apprendi</u>.

The defendant disagrees with the Court's reading of the <u>Mendoza-Zaragoza</u> case. The defendant in this case points out that the defendant in that case expressly admitted the removal date in the course of the plea colloquy. The defendant then argues that the case establishes that a simple plea of guilty will not be enough to establish the date of removal, that there must be an express admission by the defendant or a jury trial in order to do that. The defendant argues that the closing statement of the Court that, given the facts alleged in the

7

Indictment, "the District Court was therefore within its discretion to require Mendoza-Zaragoza to admit his removal date as part of the factual basis supporting his guilty plea to the indictment" supports that thesis. Defendant finally argues that Mendoza-Zaragoza actually should be read as a holding that a Court cannot establish the fact of a removal date necessary for imposing the sentencing enhancements under § 1326(b) except through an admission of the date by the defendant or by a jury verdict.  This Court does not agree with that interpretation of the case.  The discussion as to discretion is a recognition that a court can exercise its discretion to require a further showing as to the factual basis for the plea, it is not a recognition that the court has no discretion to impose sentence under § 1326(b) without a separate admission of the removal date by the defendant.

More importantly, however, is the fact that the Mendoza-Zaragoza opinion does not say what the defendant proposes. Nothing at all appears in the opinion about the need for a separate personal admission by the defendant in order to establish the removal date for sentencing.  What the Court does say is contradictory to the defendant's position.  In response to the defendant's argument that the Indictment must specifically allege the temporal relationship of the felony conviction and the removal, the Court says that although the defendant is correct as to the significance of the sequence involved, " . . . his argument fails to recognize that with the removal date established by the plea, a sentencing court can

8

determine whether the removal had followed the conviction time."

Conclusion

The question to be decided in this case is whether or not a plea of guilty to the Information alleging a removal date is an admission by the defendant of that date. The Court finds that it does. This decision is supported by the Ninth Circuit case of U.S. v. Mendoza-Zaragoza which is directly on point. The decision is also supported by the analytic basis of the Thomas and Cazares cases which holds that alleged facts which prove the elements of the crime charged are admitted by the plea. In this case the removal date is such a fact. The Court finally finds that the removal date, established by the plea, can be used by the Court to prove the re-entry crime itself as well as to prove that sentence for a prior conviction of the defendant for an aggravated felony was imposed before the removal date.

IT IS SO ORDERED

Dated: July 17, 2012

D. Lowell Jensen
United States District Judge