```
UNITED STATES,                  )
                                )
               Plaintiff        )      *E-FILED - 9/8/14*
                                )
         v.                     )
                                )      No. CR 11-0363-01-DLJ
MANUEL GUERRERO-JASSO,          )
                                )      ORDER AND MEMORANDUM OF
                                )      DISPOSITION ON RESENTENCING
               Defendant.       )
_____)
```

**I.   ORDER**

Following remand to the Court and in accordance with the Order of the Ninth Circuit dated May 27, 2014, this Court held a sentencing hearing on July 31, 2014. As a result of that hearing it is HEREBY ORDERED:

1. The sentence imposed on June 21, 2012 is VACATED IN ITS ENTIRETY.

2. Manuel Guerrero-Jasso is sentenced on Count One of the Information to a term of 24 months. (Time has been served).

**II.  DISPOSITION**

The defendant, Manuel Guerrero-Jasso (Guerrero-Jasso) pled guilty to an offense of unlawful re-entry into the United States after he had been deported. The Court found that he was subject to a maximum sentence of 20 years because he had been convicted of a felony drug trafficking offense before he was deported, and sentenced him to 42 months. On appeal, the Ninth Circuit found that the Court had committed Apprendi error when it found that he had been deported after he had been sentenced for the prior conviction. The Circuit Court ordered that the sentence was to be vacated, and that Guerrero-Jasso should be

re-sentenced under circumstances where his maximum sentence was two years.

The decision on appeal in this case was filed on May 27, 2014. There is customarily a short administrative delay before the case is actually remanded to the District Court. This case was remanded on June 29, 2014. Some significant events took place during the period of delay. On June 13, 2014 the Bureau of Prisons determined that the defendant had completed his original sentence and he was released to Immigration authorities. On the next day, June 14, 2014, defendant was deported. These events did not close the case and it was remanded to this Court. A sentencing hearing was held on July 31, 2014. The defendant, who counsel informed the Court was in Mexico, had executed a waiver of his right to appear at that hearing. The Court, in accordance with the order on remand, has now vacated its original sentence and has now re-sentenced the defendant to a term of 24 months.

Given the fact that this case raises important issues regarding the authority of trial courts in resolving factual issues in sentencing proceedings this Court has decided to file a more extensive summary of the disposition of the case.

The Information charged the defendant with a violation of 18 U.S.C. § 1326(a) and (b). The Information also charged that he had been found in the United States on February 2, 2011, and that he had previously been deported on three occasions: April 7, 2009, April 11, 2009, and January 19, 2011. The statutory maximum sentence for this offense is 2 years.

2

8 U.S.C. § 1326(a). However, defendant's criminal history includes a prior conviction on May 10, 2010 for felony drug trafficking. Because of the nature of that conviction, and that it had occurred before his last deportation, his statutory maximum sentence is raised to 20 years under 8 U.S.C. § 1326(b)(2).

The defendant entered a plea of guilty to this charge. The plea was an "open" plea, as no plea agreement with the government had been reached. In the course of the plea colloquy the defendant acknowledged a factual basis for the plea by admitting that he was not a citizen of the United States and that he had entered the United Stated illegally after he had been deported. Nothing about his prior conviction, or about its temporal relationship to his prior deportation, was covered in the colloquy. The defendant also acknowledged that his lawyer had informed him that as to the offense charged in the Information the law provided that the maximum term of imprisonment is 20 years.

At his subsequent sentencing hearing, however, his counsel argued that his plea of guilty to the offense charged in the Information did not expose him to a 20 year maximum sentence, but only to a maximum sentence of 2 years. His counsel contended: that his plea of guilty only established a "bare conviction" under 1326(a) and did not establish the specific dates of his deportations; that in order to find that he is subject to a 20 year sentence, the Court must find as a matter of fact that he had been deported after his felony

3

conviction; that under Apprendi v. New Jersey, 530 U.S. 466 (2000) the Court by its own decision can not find that that fact exists; that Apprendi requires that that fact can only be found by an admission by the defendant or by a jury verdict; and that he was not subject to a 20 year sentence as the necessary sequence of events had not been established by his admission or by a jury verdict.  This Court did not agree with the defense thesis that an Apprendi error was implicated.  The Court found that the plea of guilty by the defendant was an admission that he had been deported on January 19, 2011 as charged in the Information.  Inasmuch as Apprendi does not prohibit the Court from being the fact-finder on issues concerning prior convictions, although the circumstances as to the prior convictions had not been charged in the Information, the Court found that the defendant had been convicted of a felony drug trafficking offense on May 10, 2010.  The Court further found that comparison of the date of his deportation and the date of his felony conviction established the necessary sequence of events under 1326(b)(2).  Under the applicable U.S. Sentencing Guidelines, which include a 16 level increase to the Base Offense Level because of the prior drug trafficking conviction, and because his criminal history was at Category V, Guerrero-Jasso's guideline sentencing range was 70 to 87 months. In light of its assessment that the 16 level increase involved in this Guideline calculation was both arbitrary and excessive, the Court sentenced the defendant to 42 months imprisonment on July 10, 2012.

4

The defendant appealed the sentence.  On appeal the Ninth Circuit agreed with the position of the defendant, finding that the sentence was indeed based on an Apprendi error and that his sentence could not exceed the two year maximum set by 1326(a).

Since Apprendi was decided in 2000, courts have been required to submit to a jury for determination facts which are elements of the offense charged, but facts used by courts as factors in deciding the sentence to be imposed can be found by the trial judge.  The distinction is not always clear.  In order to invoke the increased penalties of 1326(b)(2), in this case, the government must prove the defendant was convicted of an aggravated felony (such as drug trafficking) and was deported after that conviction.  The nature and the date of a prior conviction can be found by the trial judge, as Apprendi does not apply to the facts establishing a prior conviction, but the date of a deportation of the convicted defendant (which can establish its temporal relation to the conviction) is a separate factual issue.  The Ninth Circuit's order in Guerrero-Jasso's case makes it clear that Apprendi requires a jury verdict on that issue.  In its sentencing decision, this Court accepted that legal context, but found that there was no violation of Apprendi because the defendant had admitted the date of deportation by his guilty plea.  The Ninth Circuit found the Court to be in error in making that decision, citing Young v. Holder, 697 F.3d 976 (9th Cir. 2012) in support of its conclusion.  In Young v. Holder, which had been decided after

5

Guerrero-Jasso's sentence, the Circuit Court held that "[w]hen either "A" or "B" could support a conviction, a defendant who pleads guilty to a charging document alleging "A" and "B" admits only "A" or "B." The Circuit Court then found that Guerrero-Jasso's plea admits only that one of the three removal dates is correct, not that all are correct. The Circuit Court concluded that the plea did not establish the date of deportation. As a result, since there has been no admission by the defendant or jury verdict as to that removal date, the plea did not establish the temporal relation required by 1326(b)(2) and Guerrero-Jasso's sentence could not exceed two years.

To this Court the applicability of Young v. Holder to Guerrero-Jasso is not self-evident. The rationale of Young v. Holder is that where each one of a number of conjunctively pleaded circumstances will support the same legal conclusion -- in this case a temporal relationship -- a single admission as to the truth of the circumstances will establish the legal conclusion itself but will not identify which one of the circumstances was actually used to reach the conclusion. As to Guerrero-Jasso on the subject of the applicability of 1326(a) each of the alleged removal dates will support a conclusion as to the necessary temporal relationship, and that he is subject to being sentenced under 1326(a) as each deportation came before his charged unlawful entry date. Pursuant to Young v. Holder, however, it does not support a separate conclusion as to which of the dates was established by the plea. The result is that the plea does not establish the specific date of any of

6

the deportations supporting the application of 1326(a).

As to the separate legal conclusion as to whether he is subject to 1326(b)(2), however, the context is not the same. Two of the alleged removal dates are before the date of the drug trafficking conviction and could not possibly support a legal conclusion that 1326(b)(2) was applicable. It would seem, then, that we can tell which of the dates supports the conclusion that he was deported after he was convicted as there is only one date that could support that legal conclusion. Obviously, the Circuit Court analysis which reaches the opposite conclusion controls the outcome of this case but it does not describe how this different set of conjoined circumstances applies to the 1326(b)(2) issue.

When the Apprendi issue first surfaced in this case during the sentencing proceedings, the case had already reached a post-conviction stage. The defendant had entered a plea of guilty to the 1326 offense and was in the process of being sentenced.

There was no question about the authority of the Court to sentence under 1326(a) but the increased penalty of 1326(b)(2) depended upon a factual finding that could not be made by the Court. Could the Court at that time empanel a jury to try that question of fact? Any such action would, of course, be opposed by the defendant. It could be argued that, inasmuch as the defendant had entered a plea of guilty, any new trial would be barred on double jeopardy grounds.

It could also be argued that the Sixth Amendment right

7

recognized by <u>Apprendi</u> belongs to the defendant alone and that the United States has no right of trial by jury that it can assert.  Perhaps, more fundamentally, it must be recognized that there is no statutory structure which authorizes the empanelment of an <u>Apprendi</u> type jury. The only statutory authority for empaneling juries is at 28 U.S.C. § 1821, et. seq., and the Grand and Petit juries authorized there are for functions quite different from the function to be carried out by an <u>Apprendi</u> sentencing factor jury. There are provisions for juries to consider sentencing factors in capital cases, but that is clearly a distinct sentencing context.

Does Apprendi itself give the District Court power to assemble a group of prospective jurors, assign rules for their conduct and try an <u>Apprendi</u> factual issue?  The Court is not aware of any cases where such a trial has actually taken place. Additionally, there do not appear to be any Ninth Circuit cases ruling on the issues raised here.  There has been a recent decision by the First Circuit in <u>U.S. v. Pena</u>, 742 F.3d 508 (1st Cir. 2014) which considered similar issues.  In that case a federal judge in a drug trafficking case held an evidentiary hearing, made certain findings of fact, and used those facts in imposing a sentence.  On appeal, the First Circuit found those findings of fact to have been made in violation of <u>Apprendi</u>, reversed the sentencing decision and remanded the case.  Back in the trial court, the prosecution moved the court to empanel a jury to conduct an evidentiary hearing on the facts at issue. The court denied the request on grounds specific to the case

itself and did not rule on the general legal issues presented. The <u>Pena</u> case also made the interesting observation that "...unlike...capital cases...[the] parties have identified no specific authorization for empaneling a sentencing jury under these facts." <u>Id</u>. at 515.  Here, in the Guerrero-Jasso case, because of its decision that the plea of guilty established the date of deportation, this Court was not required to decide the issue of whether or not the District Judge had the power to empanel a stand-alone <u>Apprendi</u> jury – but it is of the present opinion that it cannot do so.

This is not to say that there are no circumstances where an <u>Apprendi</u> factual issue could be heard by a jury. At the time the plea was entered in this case, the colloquy could have included a direct question to the defendant as to the date of his last deportation.  If he had confirmed the date this litigation would not have followed.  It is not likely, however, that he would have answered that question as that would not be consistent with his trial strategy to limit his penalty to 1326(a).  If he had not answered the question it would appear that the Court could have decided that the proffered plea would not be accepted and then scheduled the matter for a jury trial on the issue of guilt.  That trial could have included evidence as to the date of the prior deportation and a special verdict as to that issue could have been submitted to the jury. Especially in light of the fact that the defendant did not intend to question his guilt, this would have provided a jury verdict for this narrow and easily resolved factual issue but

9

it surely would have been a resource intensive way to resolve that issue.

Interestingly enough, although the true purpose of such a trial would be to decide if his prior drug trafficking conviction would be available for use in his sentencing for the 1326 offense, it would seem that purpose would have to be kept from the jury as the information would likely be deemed prejudicial in his trial on the issue of his guilt for the 1326 charge.

In its micro sense this case is about the proper pleading of criminal charges. If the Information in this case had charged only one previous deportation – the last one – there would have been no Apprendi error. Charging only the deportation in January 2011 would have established the necessary time sequence for both 1326 itself, and for the application of 1326(b)(2), while avoiding any Young v. Holder impact and the consequent Apprendi problem. One can anticipate that this is the last "Guerrero-Jasso" error.

In its macro sense, and upon a less than totally comprehensive review of the legal issues involved, it appears that at the present time in a case where there is no admission by the defendant, the only way a jury can actually try an Apprendi fact is when it can be considered and resolved as part of a regular jury trial as to guilt. This does not appear to be a satisfactory solution, if only because there are clearly many cases which raise Apprendi issues which would not reasonably be expected to go to trial. There will, inevitably, be a case by case development of the law in this area, but that

is a relatively lengthy process and not the only way law can be developed in the area. Although it does not appear to be emphasized at the present, institutions such as Congress, the Sentencing Commission, and the Standing Committee on Rules of Criminal Procedure could be working on <u>Apprendi</u> issues. Perhaps prosecutors and defense counsel should encourage them to do so.

     IT IS SO ORDERED

Dated: September 8, 2014  _____

                                      D. Lowell Jensen
                                      United States District Judge

Copy of Order E-Filed to Counsel of Record: